# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DAWN STICKLAND,**
        **Plaintiff,**

**JERRY J. STICKLAND,**
        **Involuntary Plaintiff,**
    **v.**                                  **Case No.  06C0087**

**TRION GROUP, INC. and**
**DECISIONONE CORPORATION,**
        **Defendants.**

---

## DECISION AND ORDER

Plaintiff Dawn Stickland brings this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., against defendants Trion Group, Inc. ("Trion") and DecisionOne Corporation ("DecisionOne").  Although somewhat unclear, plaintiff's complaint seems to allege that defendants violated both the terms of her former husband's employer's ERISA-governed health insurance plan and the amendments to ERISA contained in the Consolidated Omnibus Budget Reconciliation Act ("COBRA").

Plaintiff alleges that Trion and DecisionOne are both Pennsylvania corporations doing business in the State of Wisconsin.  Plaintiff further alleges that prior to her December 30, 2004 divorce, she had health insurance coverage under her husband's employer's plan, and pursuant to the divorce decree, her husband was to maintain her coverage until June 30, 2005. Plaintiff alleges that DecisionOne administered the plan and that Trion accepted payments on DecisionOne's behalf.  She further alleges that defendants improperly failed to notify her husband of his payment obligations, failed to

notify her of the termination of her benefits and improperly terminated such benefits. She alleges that both she and her former husband reside in the Eastern District of Wisconsin and that they were to receive both benefits due and required notices in this district. Finally, plaintiff alleges that she has a serious medical condition and incurred damages as a result of defendants' actions. She seeks a declaration of her rights under the plan and ERISA, damages for uncovered medical bills and reinstatement of coverage.

Pursuant to Fed. R. Civ. P. 12(b)(6), Trion now moves to dismiss plaintiff's complaint for failure to state a claim. In addition, pursuant to Fed. R. Civ. P. 12(b)(3), both Trion and DecisionOne move to dismiss the complaint based on improper venue and, alternatively, pursuant to 28 U.S.C. § 1404(a), move to transfer venue to the Eastern District of Pennsylvania.

## I. SUFFICIENCY OF COMPLAINT AS TO TRION

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. GE Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997). I may grant a Rule 12(b)(6) motion only if it is clear that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. Id. The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts; it is that even assuming all of her facts are accurate, she has no legal claim. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir. 1999). In ruling on a motion to dismiss, I assume that the facts alleged in the complaint are true and draw all reasonable inferences from them in favor of the plaintiff. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990).

Under COBRA, a "plan sponsor" must provide qualified beneficiaries with the

2

Case 2:06-cv-00087-LA   Filed 11/17/06   Page 2 of 11   Document 39

opportunity to elect continuation of plan coverage when a qualifying event such as a divorce occurs, and a "plan administrator" must administer continued coverage and provide timely COBRA notices. 29 U.S.C. § 1161, § 1166. Trion argues that plaintiff fails to state a claim against it because she does not allege that it was the plan sponsor or administrator. Although plaintiff's complaint characterizes DecisionOne as the "plan administrator," (Compl. ¶ 5), it also alleges that Trion accepted payments "on behalf of DecisionOne" (Compl. ¶ 4), thus suggesting that Trion had administrative duties in connection with the plan. Further, no party has provided me with a copy of the plan, and no discovery has taken place. Thus, I am unable to determine precisely what each defendant's duties were. See Carducci v. Aetna U.S. Healthcare, 247 F. Supp. 2d 596, 609 (D.N.J. 2003) (refusing to dismiss complaint because plaintiff did not name defendant as administrator because "[w]hether a defendant is a plan administrator is a factual question which requires an inquiry into the plan document and the factual circumstances surrounding the administration of the plan"); Sporer v. DMJ Leasing & Trucking, Inc., No. 91C6833, 1994 U.S. Dist. LEXIS 515, at *10 (N.D. Ill. Jan. 24, 1994) (noting contradictory information in complaint regarding identify of the administrator, and thus denying motion to dismiss). Thus, I cannot presently conclude that plaintiff can prove no set of facts showing that Trion was the plan administrator or that it otherwise committed acts for which it could be found liable. I will therefore deny Trion's motion to dismiss for failure to state a claim.

## II.  VENUE

**A.     Procedure for Establishing Venue**

For venue to lie, it must be proper as to both defendants and all claims. <u>PKWare, Inc. v. Meade</u>, 79 F. Supp. 2d 1007, 1015 (E.D. Wis. 2000).  A plaintiff need not allege the basis for filing in a particular district court because, unlike subject matter jurisdiction, venue is not a matter that must be raised by the proponent of the forum.  Rather, venue involves a privilege personal to the defendant because the purpose of venue statutes is to prevent litigation from being conducted in a forum that is inconvenient to the defendant or unfair because the forum lacks a sufficient connection with the events giving rise to the claim.  Thus, a defendant must object to a plaintiff's choice of venue.  Georgene M. Vairo, <u>Determination of Proper Venue</u>, in 17 <u>Moore's Federal Practice</u> § 110.01[5][c] (Daniel Coquilette, et al., eds., 3d ed. 1997).

When a defendant does object to the plaintiff's choice of venue, courts and commentators disagree as to which party bears the burden of proof.  <u>Compare</u> Vairo, <u>supra</u> (stating that courts should treat venue as an affirmative defense and require defendants to establish that venue is improper), <u>with</u> Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 15 <u>Federal Practice & Procedure</u> § 3826 (2d ed. 1986) (stating that the better view is that the burden of establishing venue is on the plaintiff).  The Seventh Circuit appears not to have definitively resolved the question.  <u>Compare</u>  <u>In re Peachtree Lane Assocs., Ltd.</u>, 150 F.3d 788, 792 (7th Cir. 1998) (stating that venue is presumed to be proper in the district in which the case is filed, and that the party challenging venue bears the burden of showing that the district chosen by plaintiff is improper), <u>with</u> <u>Grantham</u>

4

v. Challenge-Cook Bros., Inc., 420 F.2d 1182, 1184 (7th Cir. 1969) (stating that the burden of establishing venue is on the plaintiff).

Because the defendant must raise the issue of venue, I conclude that venue is appropriately treated as an affirmative defense and that the defendant bears the burden of showing that it is improper. However, in the present case, I need not definitively resolve the issue because plaintiff has alleged facts that support her choice of venue, and, as previously stated, for purposes of a motion to dismiss, I must take her allegations as true and draw all reasonable inferences from them in her favor. Therefore, plaintiff will prevail on defendants' Rule 12(b)(3) motion unless defendants controvert her allegations with an affidavit, which they do not.

**B.     Venue in ERISA Actions**

Title 29 U.S.C. § 1132(e)(2) authorizes an ERISA plaintiff to bring a action (1) where the plan is administered, (2) where the breach took place, or (3) where a defendant resides or may be found. Plaintiff argues that she has properly venued the case in this district both because defendants' alleged breaches of her former husband's employer's plan and of ERISA took place here and because defendants reside and/or may be found here.

**1.     Where Alleged Breaches Took Place**

Plaintiff seems to allege that defendants breached the terms of her former husband's plan by improperly terminating her benefits and breached ERISA by failing to provide her and her former husband with various required notices. Title 29 U.S.C. § 1132(a)(1)(B) creates a cause of action both for breaches of plan terms and for breaches of duties imposed by ERISA. Courts have divided on the question of where a breach of

5

the obligation to pay benefits or to provide notice occurs. Some courts have found that such breaches take place where the participant or beneficiary is to receive the benefits or notice, while others have concluded they occur only where the defendant decides to deny coverage or fails to provide notice. Schoemann v. Excellus Health Plan, 447 F. Supp. 2d 1000, 1002 (D. Minn. 2006) (collecting cases). I conclude that breaches of the duty to pay benefits and to provide notice take place where the benefits and/or notice are to be received, which will generally be where the participant or beneficiary resides.

This conclusion is consistent with Congress's intent that provisions relating to venue in ERISA cases be construed in favor of plan participants and beneficiaries. See Varsic v. U.S. Dist. Ct. C.D. Cal., 607 F.2d 245, 247-48 (9th Cir. 1979). Further, to interpret "where the breach took place" as synonymous with the place that a defendant failed to provide notice or decided to deny benefits would arguably render it superfluous, as another clause in § 1132(e)(2) authorizes venue "where the plan is administered." Cole v. Cent. States, S.E. & S.W. Areas Health & Welfare Fund, 225 F. Supp. 2d 96, 98 (D. Mass. 2002); see also TRW, Inc. v. Andrews, 534 U.S. 19, 31 (2001) (stating that, if possible, courts should construe statutes to avoid rendering words, clauses or sentences superfluous). Finally, a claim that a defendant breached the terms of a plan is essentially a breach of contract claim, and a breach of contract occurs where the contract is to be performed. Bostic v. Ohio River Co. (Ohio Division) Basic Pension Plan, 517 F. Supp. 627, 634-37 (S.D. W. Va. 1981).

In the present case, plaintiff alleges that defendants were to pay her benefits in the Eastern District of Wisconsin and provide notices to her and her former husband in this district. Thus, I conclude that the alleged breaches took place here and that plaintiff has

6

properly venued the suit here.

### 2. Where Defendants Reside or May be Found

Even if I assume that the alleged breaches did not take place in this district, I nevertheless conclude that plaintiff properly venued the action here under the "resides or may be found" clause. Because courts have interpreted this clause in different ways, I will explain my conclusion in some detail. Some courts have held that pursuant to the resides or may be found clause, a plaintiff may properly venue an ERISA action against a corporate defendant in any judicial district in the country, regardless of the defendant's lack of contact with the district. See, e.g., McCracken v. Auto Club of S. Cal., Inc., 891 F. Supp. 559, 562-63 (D. Kan. 1995). Such courts reach this conclusion based on their reading of three federal statutes, § 1132(e)(2), Fed. R. Civ. P. 4 and the general venue statute, 28 U.S.C. § 1391(c). Section 1132(e)(2) authorizes a plaintiff to serve a defendant in any judicial district in the country if the defendant resides or may be found there. Fed. R. Civ. P. 4(k)(1)(D) provides that service pursuant to a federal statute is sufficient to confer personal jurisdiction. Thus, taken together, § 1132(e)(2) and Rule 4(k)(1)(D) indicate that an ERISA plaintiff may serve a defendant in any district in the country and subject the defendant to personal jurisdiction in the district where the action is brought, regardless of the defendant's lack of contacts with the district.

The general federal venue statute, § 1391(c), deems a corporation "to reside in any judicial district in which it is subject to personal jurisdiction." Courts that endorse nationwide venue transfer § 1391(c)'s definition of corporate residence to ERISA. They reason that because a corporation resides in and thus is subject to general venue in any district in which it is subject to personal jurisdiction, an ERISA defendant resides in and is

7

subject to venue under ERISA in any district in which the plaintiff brings an action, regardless of the defendant's lack of contacts with the forum.  See, e.g., McCracken, 891 F. Supp. at 561-63 (finding that although the corporate defendants lacked contacts with Kansas, the District of Kansas's service of process conferred personal jurisdiction over them, making venue proper under § 1132(e)(2)); Stumpf v. Med. Benefits Admin'rs, No. 8: 99CV185, 2001 WL 1397326, at *2 (D. Neb. Mar. 14, 2001) (conducting a similar analysis).

Commentators and courts have criticized the notion that a plaintiff may properly venue an ERISA action in any district in the country and the above-described reasoning which undergirds such notion.  See, e.g., Rachel M. Janutis, Pulling Venue Up by its Own Bootstraps: The Relationship Among Nationwide Service of Process, Personal Jurisdiction and § 1391(c), 78 St. John's L. Rev. 37 (2004).  Janutis characterizes the above-described reasoning as "literalist" and argues that courts should read § 1391(c) contextually and that so read, it means that a corporation resides in a district for venue purposes only if it is subject to personal jurisdiction under the minimum contacts standard of International Shoe Co. v. Washington, 326 U.S. 310 (1945), and not because it is amendable to nationwide service of process.  Janutis, supra, at 37.  She also notes that to construe § 1391(c) to authorize venue in a district when a defendant is subject to personal jurisdiction solely because of the nationwide service of process provision results in no venue constraints independent from jurisdiction in cases where such constraints are most needed to ensure a connection between the forum and the defendant or the litigation.  Janutis, supra, at 38.

I agree with this criticism.  The legislative history of § 1391(c) and the historical context in which Congress enacted it supports an International Shoe minimum contacts

8

reading of the phrase "subject to personal jurisdiction." Prior to the enactment of § 1391(c), courts determined residency for venue purposes based on amenability to jurisdiction. However, they understood amenability to jurisdiction based on an International Shoe analysis regardless of nationwide service of process. Further, the evidence indicates that in enacting § 1391(c), Congress intended to codify the courts' long-standing practice of applying the general venue statute to actions arising under statutes containing special venue provisions by defining corporate residence as any district where a corporation was subject to personal jurisdiction. Janutis, supra, at 66-67.

In Waeltz v. Delta Pilots Retirement Plan, 301 F.3d 804, 808-14 (7th Cir. 2002), the Seventh Circuit addressed the "may be found" language in § 1132(e)(2) and concluded that it did not authorize nationwide venue, holding instead that a corporate defendant may be found in a district only if its contacts with the district were such that it would be subject to personal jurisdiction in the district under International Shoe if the district were a state. The Waeltz court reasoned that a conclusion that the "may be found" language authorized nationwide venue would render superfluous § 1132(e)(2)'s provision of venue where a plan is administered or where a breach takes place. Id. at 808. The court's reasoning is equally applicable to "resides." Further, a conclusion that any clause of § 1132(e)(2) authorizes nationwide venue would undermine the justification for venue, i.e., to protect a defendant from having to litigate in an overly inconvenient or burdensome forum. Janutis, supra, at 37. Finally, if I construed "resides" to authorize nationwide venue, I would effectively render superfluous the Waeltz court's conclusion that "may be found" does not permit such venue.

Thus, I may conclude that plaintiff has properly venued the case in this district under

9

the "resides or may be found" clause only if I find that defendants had minimum contacts with this district under International Shoe, i.e., contacts "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'" and defendants could reasonably anticipate being haled into court here to defend a lawsuit. Mid-Am. Tablewares v. Mogi Training Co., 100 F.3d 1353, 1360 (7th Cir. 1996) (quoting International Shoe, 326 U.S. at 316).

Plaintiff alleges that defendants were doing business in the Eastern District of Wisconsin, and that such business included dealing with her and her former husband concerning her health insurance benefits. Plaintiff further alleges that the present action arose out of such dealings. As previously stated, I must take these allegations as true and draw all reasonable inferences from them in plaintiff's favor. Taking plaintiff's allegations as true and drawing all reasonable inferences in her favor, plaintiff establishes a prima facie case that defendants had minimum contacts with this district and are subject to venue here under the resides or may be found clause unless they present evidence controverting plaintiff's allegations. Defendants present no such evidence. I note also that defendants did not object to this court's exercise of personal jurisdiction over them. Thus, plaintiff also establishes venue under the resides or may be found clause.

**C.    Transfer of Venue**

Defendants also argue that I should transfer the case to the Eastern District of Pennsylvania. In order to justify a transfer, the party requesting it must show that the proposed transferee forum is clearly a more convenient forum. Wayne Pigment Corp. v. Halox, 220 F. Supp. 2d 931, 936 (E.D. Wis. 2002). In evaluating a request for transfer under § 1404(a), a court should evaluate a broad set of considerations, including private

10

and public interest factors. Id. Private interest factors include plaintiff's choice of forum, the situs of operative events, the convenience of the parties and witnesses relative to their respective residences, and the parties' abilities to bear the expense of trial in a particular forum. Id. Public interest considerations include judicial economy, the expeditious administration of justice, and the availability of compulsory process over possibly unwilling witnesses. Id. Based on the foregoing factors, I cannot conclude that it is clearly more convenient to litigate the case in Pennsylvania. I give considerable weight to the fact that plaintiff chose to litigate in this district and to her assertion that she could not afford to continue the suit in Pennsylvania. Further, judicial economy favors keeping the case here.

### III. CONCLUSION

Therefore,

**IT IS ORDERED** that Trion's motion to dismiss for failure to state a claim is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motions to dismiss for lack of venue or alternatively to transfer venue are **DENIED**.

Dated at Milwaukee, Wisconsin this 17 day of November, 2006.

/s_____
LYNN ADELMAN
District Judge

11